## PennDOT v. Frantz

*William A. Kuhar, assistant counsel,* for PennDOT.
*John Sughrue,* for defendant.

REILLY, *P.J.* November 10, 1992—The above-captioned Earl Ray Frantz was convicted of the summary offense of violating section 6308 of the Crimes Code of Pennsylvania (under age consumption of alcohol). He appealed to this court and on October 1, 1992, his appeal was dismissed and the magistrate's finding of guilt affirmed. At that time a penalty of a $300 fine and court costs was imposed. The order and sentence were silent with regards to suspension of operator's license. Subsequent thereto Frantz received a notice of suspension from the Department of Transportation and appealed the suspension to this court alleging that under section 6308 of the Crimes Code of Pennsylvania and 6310.4 of that Code, PennDOT cannot suspend his license unless the suspension is included as part of the court's order and sentence in the criminal proceeding. This court agreed and sustained his appeal. PennDOT has now appealed.

Paragraph 6310.4, *supra,* states in paragraph (a) general rule:

"Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of section 6407 (relating to misrepresentation of age to secure liquor or malt or brewed beverages), section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) or section 6310.3 (relating to carrying a false identification card), the court, including a court not of record if it is exercising jurisdiction pursuant to 42 Pa.C.S. §1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation."

Paragraph 6308, *supra,* proceeds in subparagraph(b) penalty:

"In addition to the penalty imposed pursuant to section 6310.4 relating to restriction of operating privileges, a person convicted of violating subsection (a) may be sentenced to pay a fine of not more than $500 for the second and each subsequent violation."

As set forth by the Commonwealth Court in the matter of *Duffey v. PennDOT,* license suspensions in these situations are decided by the court of common pleas or the district justice and not by the Department of Transportation. As the court said therein:

"As the express terms of section 6308 and 6310.4 and the legislative history illustrate, a license suspension

under section 6310.4 is not the act of an administrative agency over which the judge in the criminal court has no control and for which he or she has no responsibility. Rather, under this section the judge or district justice orders DOT to suspend the license (for conviction of a crime that may be wholly unrelated to the Vehicle Code), and DOT must comply with the order by suspending the license. There is no independent exercise by DOT of its administrative powers."

In view of the fact that in the above matter the Court of Common Pleas in imposing sentence on the defendant did not, for whatever reason, impose a license suspension, the Department of Transportation thereafter had no authority to impose such a suspension on its own.

Therefore, the court sustained the appellant's appeal from suspension of operator's privileges.